IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **3-03-CR-91-M** |
| | ) | **(3-05-CV-2050-M)** |
| **JUAN RAMIREZ** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a motion for habeas corpus relief filed by a Federal inmate pursuant to 28 U.S.C. § 2255

**Statement of the Case**: Ramirez entered a conditional plea of guilty to Count 1 of the indictment on August 29, 2003, pursuant to a written plea agreement. Subsequently he filed a motion to withdraw his guilty plea which was denied by the District Court on January 16, 2004. On January 16, 2004, he was sentenced a term of 360 months imprisonment followed by a five-year term of supervised release. He effected a direct appeal and on October 28, 2004, the Fifth Circuit affirmed his conviction and sentence. Ramirez did not file a petition for certiorari in the United States Supreme Court. He "filed" is § 2255 motion on October 11, 2005, the date on which he signed his motion and presumedly placed it in the prison mail system at F.C.I. Three Rivers, Texas. On December 27, 2005, the government filed its response to the motion and on February 3, 2006, Ramirez filed his reply to the government's response.

**Findings and Conclusions**: In his first ground for relief Ramirez alleges that he was denied

effective assistance of counsel in his direct appeal. It is settled law that a criminal defendant is entitled to effective assistance of counsel on appeal when he is entitled to a direct appeal as a matter of right. Evitts v. Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 836 (1985). However, it is equally well-settled that appellate counsel is not required to raise every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308 (1983).

In Movant's case appellate counsel presented seven points of error. In order to prevail on this ground, Ramirez is required to overcome the strong presumption of competence afforded to an attorney's representation by establishing both that the attorney's conduct in failing to advance a ground for reversal fell below the minimum objective standard required under the Sixth Amendment ("cause") and that but for such deficiency there is a reasonable probability that the outcome would have been different, i.e. that his conviction and/or sentence would have been reversed ("prejudice"). Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984).

In the present case Movant has not identified any issue which should have been raised by counsel in his direct appeal, let alone that had an unraised issue been presented there exists a reasonable probability that his conviction would have been reversed. Therefore, he is not entitled to relief on his first ground.

In his second ground for relief Ramirez claims that his right to due process was violated. Given the conclusory nature of this claim set out in his motion and reply, it is difficult to apprehend exactly what his complaint is. However, in its response the government provides some factual elaboration. Specifically, Esteban Carrasco Barraza a/k/a Carlos Rodriguez, one of Movant's co-defendants, testified at the pre-guilty plea motion to suppress hearing that Ramirez had no standing to complain of the vehicle search. See also Fifth Circuit opinion at 2-3, Government's Appendix

at 002-003.  Having pleaded guilty, Ramirez can show no prejudice, nor do his conclusory allegations present a cognizable ground for relief.

In ground three he claims that trial counsel was ineffective when Ramirez entered into a plea agreement with the government in which he waived the right to appeal with limited exceptions.  See Plea Agreement filed on August 7, 2003 at ¶ 11, attached to Ramirez's motion.  This conclusory claim fails to present a cognizable claim.  Moreover, this ground fails to satisfy the requirements imposed by the Supreme Court in Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 453 (1985).

Ramirez's remaining grounds - grounds four, five and six - relate to the sentence imposed by the District Court.  He relies on the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), decided nearly one year after he was sentenced in the present case and more than two months after his conviction was affirmed on appeal.  The plea agreement in Movant's case explicitly waived his right to file a § 2255 motion except for ineffective assistance of counsel claims.

Insofar as Movant claims that counsel failed to raise an issue with respect to his sentencing it is self-evident from the Fifth Circuit's opinion that counsel raised this issue.[1]  Therefore, no basis for relief predicated on ineffective assistance of counsel exists and his waiver in the plea agreement forecloses merits consideration of his Booker claim in a § 2255 motion.  See e.g. United States v. White, 307 F.3d 336, 339 (5th Cir. 2002).  Further, the law of this circuit makes clear that a Booker claim may not be raised for the first time in a § 2255 motion.  United States v. Gentry, 432 F.3d 600 (5th Cir. 2005).  See also In re: Elwood, 408 F.3d 211, 213 (5th Cir. 2005) (collecting cases from

---

[1]The Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), itself, post-dated Movant's sentencing by more than five months.

other circuits unanimously holding that a Booker claim is not cognizable in a § 2255 motion) see also United States v. Morris, 429 F.3d 65, 66 and n. 2 (4th Cir. 2005).[2].

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court deny the motion.

A copy of this recommendation shall be transmitted to

SIGNED this 26th day of June, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[2]In his reply to the government's response Ramirez correctly observes that his conviction did not become final until 90 days after entry of the Fifth Circuit's judgment affirming his conviction.  See Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072 (2003).  However, the Supreme Court's opinion related to the date on which a judgment becomes final, see § 2255, sixth paragraph, in the context of limitations and did not address whether a § 2255 movant was entitled to merits consideration of claims raised in a collateral attack on a conviction.